FILED: QUEENS COUNTY CLERK 03/07/2022 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 704929/2022
RECEIVED NYSCEF: 03/07/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
JASON GREGORY OWENS and DANIEL DAVIS

                                  Plaintiff(s),

              -against-

ELUSMOND CESAIRE and DMCESAIRE TRANSPORT
LLC

                                  Defendant(s).

-------------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiffs designate Queens
County as the place of trial.

The basis of venue is:
Plaintiff's Residence

Plaintiff JASON GREGORY
OWENS resides at:
22419 133rd Avenue,
Springfield Gardens, NY
11413

County of Queens

**To the above named Defendant:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:        New York, New York
              March 4, 2022

                                        _____
                                        ANDREW PARK, ESQ.
                                        LAW OFFICES OF ANDREW PARK, P.C.
                                        Attorneys for Plaintiff(s)
                                        JASON GREGORY OWENS & DANIEL DAVIS
                                        450 Seventh Ave., Suite 1805
                                        New York, New York 10123
                                        212-239-3680
                                        Our File No. 22000078

FILED: QUEENS COUNTY CLERK 03/07/2022 10:50 AM

NYSCEF DOC. NO. 1

INDEX NO. 704929/2022

RECEIVED NYSCEF: 03/07/2022

TO:

ELUSMOND CESAIRE
6060 Crescentville Road, WB11
Philadelphia, PA 19120


DMCESAIRE TRANSPORT LLC
6703 Large Street
Philadelphia, PA 19149

FILED: QUEENS COUNTY CLERK 03/07/2022 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 704929/2022
RECEIVED NYSCEF: 03/07/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X

JASON GREGORY OWENS and DANIEL DAVIS

                          Plaintiff(s),

    -against-

ELUSMOND CESAIRE and DMCESAIRE TRANSPORT
LLC

                         Defendant(s).

-------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

       Plaintiffs, by their attorneys, **LAW OFFICES OF ANDREW PARK, P.C.**, complaining

of the Defendant, respectfully allege, upon information and belief:

### FIRST CAUSE OF ACTION
### ON BEHALF OF JASON GREGORY OWENS

     1.     That at all times herein mentioned, Plaintiff **JASON GREGORY OWENS** was,

and still is, a resident of the County of Queens, State of New York.

     2.     That at all times herein mentioned, Plaintiff **DANIEL DAVIS** was, and still is, a

resident of the County of Queens, State of New York.

     3.     That at all times herein mentioned, Defendant **ELUSMOND CESAIRE** was, and

still is, a resident of the County of Philadelphia, State of Pennsylvania.

     4.     That at all times herein mentioned, Defendant **DMCESAIRE TRANSPORT LLC**

was, and still is, an entity with an office located in the County of Philadelphia, State of Pennsylvania.

     5.     That at all times herein mentioned, Defendant **DMCESAIRE TRANSPORT LLC**

was the owner of a motor vehicle bearing Pennsylvania State registration number AH03046.

3

FILED: QUEENS COUNTY CLERK 03/07/2022 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 704929/2022
RECEIVED NYSCEF: 03/07/2022

6.      That at all times herein mentioned, Defendant **ELUSMOND CESAIRE** operated the aforementioned motor vehicle bearing Pennsylvania State registration number AH03 046.

7.      That at all times herein mentioned, Defendant **ELUSMOND CESAIRE** operated the aforementioned motor vehicle with the permission of Defendant **DMCESAIRE TRANSPORT LLC.**

8.      That at all times herein mentioned, Defendant **ELUSMOND CESAIRE** operated the aforementioned motor vehicle with the knowledge of Defendant **DMCESAIRE TRANSPORT LLC.**

9.      That at all times herein mentioned, Defendant **ELUSMOND CESAIRE** operated the aforementioned motor vehicle with the consent of Defendant **DMCESAIRE TRANSPORT LLC.**

10.     That at all times herein mentioned, Defendant **ELUSMOND CESAIRE** managed the aforesaid motor vehicle.

11.     That at all times herein mentioned, Defendant **DMCESAIRE TRANSPORT LLC** managed the aforesaid motor vehicle.

12.     That at all times herein mentioned, Defendant **ELUSMOND CESAIRE** maintained the aforesaid motor vehicle.

13.     That at all times herein mentioned, Defendant **DMCESAIRE TRANSPORT LLC** maintained the aforesaid motor vehicle.

14.     That at all times herein mentioned, Defendant **ELUSMOND CESAIRE** controlled the aforesaid motor vehicle.

15.     That at all times herein mentioned, Defendant **DMCESAIRE TRANSPORT LLC**

4

controlled the aforesaid motor vehicle.

16.    That at all times herein mentioned, Plaintiff **JASON GREGORY OWENS** was the operator of a motor vehicle bearing Pennsylvania State registration number LLB5959.

17.    That at all times herein mentioned, Francis Lewis Boulevard intersecting 111th Avenue in the County of Queens, State of New York, were public roadways, streets and/or thoroughfares.

18.    That on February 9, 2022, Defendant **ELUSMOND CESAIRE** was operating the motor vehicle owned by Defendant **DMCESAIRE TRANSPORT LLC** at the aforementioned location.

19.    That on February 9, 2022, Plaintiff **JASON GREGORY OWENS** was operating his motor vehicle at the aforementioned location.

20.    That on February 9, 2022, the motor vehicle owned by Defendant **DMCESAIRE TRANSPORT LLC** and operated by Defendant **ELUSMOND CESAIRE** struck the motor vehicle operated by Plaintiff **JASON GREGORY OWENS** at the aforementioned location.

21.    That as a result of the aforesaid contact, Plaintiff **JASON GREGORY OWENS** was injured.

22.    That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff **JASON GREGORY OWENS** contributing thereto.

23.    That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

5

FILED: QUEENS COUNTY CLERK 03/07/2022 10:50 AM

NYSCEF DOC. NO. 1

INDEX NO. 704929/2022

RECEIVED NYSCEF: 03/07/2022

24.      That by reason of the foregoing, Plaintiff **JASON GREGORY OWENS** sustained severe and permanent personal injuries; and Plaintiff **JASON GREGORY OWENS** was otherwise damaged.

25.      That Plaintiff **JASON GREGORY OWENS** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

26.      That Plaintiff **JASON GREGORY OWENS** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

27.      That Plaintiff **JASON GREGORY OWENS** is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff.  Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

28.      That this action falls within one or more of the exceptions set forth in CPLR §1602.

29.      That by reason of the foregoing, Plaintiff **JASON GREGORY OWENS** has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### SECOND CAUSE OF ACTION
### ON BEHALF OF DANIEL DAVIS

30.      Plaintiff **DANIEL DAVIS** repeats, reiterates and realleges each and every allegation contained in the First Cause of Action with the same force and effect as though set forth herein at length.

6

FILED: QUEENS COUNTY CLERK 03/07/2022 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 704929/2022
RECEIVED NYSCEF: 03/07/2022

31.     That at all times hereinafter mentioned, Plaintiff **DANIEL DAVIS** was a lawful passenger of a motor vehicle operated by Plaintiff **JASON GREGORY OWENS** bearing Pennsylvania State registration number LLB5959.

32.     That as a result of the aforesaid contact, Plaintiff **DANIEL DAVIS** was injured.

33.     That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiff **DANIEL DAVIS** contributing thereto.

34.     That Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

35.     That by reason of the foregoing, Plaintiff **DANIEL DAVIS** sustained severe and permanent personal injuries; and Plaintiff **DANIEL DAVIS** was otherwise damaged.

36.     That Plaintiff **DANIEL DAVIS** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

37.     That Plaintiff **DANIEL DAVIS** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

38.     That Plaintiff **DANIEL DAVIS** is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff.  Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

39.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

7

FILED: QUEENS COUNTY CLERK 03/07/2022 10:50 AM

NYSCEF DOC. NO. 1

INDEX NO. 704929/2022

RECEIVED NYSCEF: 03/07/2022

40.     That by reason of the foregoing, Plaintiff **DANIEL DAVIS** has been damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### THIRD CAUSE OF ACTION FOR PROPERTY DAMAGE

41.     Plaintiffs repeat and realleges preceding paragraphs as if fully set forth herein.

42.     As a result of the aforementioned occurrence, the Plaintiff's motor vehicle was damaged in the sum of $25,000.00.

43.     The aforementioned occurrence and resulting damages to the Plaintiff's motor vehicle was due solely to the carelessness, recklessness and negligence of the Defendants in the ownership, operation, management, inspection, maintenance, supervision, repair and control of the aforementioned motor vehicle.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:      New York, New York
            March 4, 2022

                          Yours, etc.

                          ANDREW PARK, ESQ.
                          LAW OFFICES OF ANDREW PARK, P.C.
                          Attorneys for Plaintiff(s)
                          JASON GREGORY OWENS & DANIEL DAVIS
                          450 Seventh Ave., Suite 1805
                          New York, New York 10123

                                8

FILED: QUEENS COUNTY CLERK 03/07/2022 10:50 AM
NYSCEF DOC. NO. 1

INDEX NO. 704929/2022
RECEIVED NYSCEF: 03/07/2022

212-239-3680
Our File No. 22000078

9

FILED: QUEENS COUNTY CLERK 03/07/2022 10:50 AM

NYSCEF DOC. NO. 1

INDEX NO. 704929/2022

RECEIVED NYSCEF: 03/07/2022

## ATTORNEY'S VERIFICATION

ANDREW PARK, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury: I am an attorney at LAW OFFICES OF ANDREW PARK, P.C., attorneys of record for Plaintiffs. I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiffs are not presently in the county wherein I maintain my offices.

Dated:     New York, New York
           March 4, 2022

ANDREW PARK, ESQ.

10

FILED: QUEENS COUNTY CLERK 04/08/2022 11:20 AM
NYSCEF DOC. NO. 5

INDEX NO. 704929/2022
RECEIVED NYSCEF: 04/08/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
JASON GREGORY OWENS and DANIEL DAVIS.

                Plaintiff,

    -against-

ELUSMOND CESAIRE and DMCESAIRE
TRANSPORT LLC,

                Defendants.
-----------------------------------------------------------------------X

Index No.: 704929/2022

**VERIFIED ANSWER**

The defendants, ELUSMOND CESAIRE and DMCESAIRE TRANSPORT, LLC, by their attorneys, MORRIS DUFFY ALONSO FALEY & PITCOFF, upon information and belief, answer the plaintiffs' Complaint herein as follows:

## ANSWERING THE FIRST CAUSE OF ACTION

1.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated: "1," "2," "5," "6," "10," "11," "12," "13," "14," "15," "16," "18," "19," "20," and "27"

2.    Admit each and every allegation contained in the paragraphs or subdivisions of the Complaint designated: "3," "4," "7," "8," "9," and "17"

3.    Deny each and every allegation contained the paragraphs or subdivisions of the Complaint designated: "21," "22," "23," "24," "25," "26," "28," and "29."

## ANSWERING THE SECOND CAUSE OF ACTION

4.    As to the paragraph of the Complaint designated "30", answering defendants repeat, reiterate and reallege each and every denial heretofore made with respect to paragraphs "1" through "29" inclusive, with the same force and effect as if fully set forth at length herein.

5.    Deny any knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs or subdivisions of the Complaint designated: "31," and "38."

6.    Deny each and every allegation contained in the paragraphs or subdivisions of the Complaint designated: "32," "33,"" 34," "35," "36," "37," "39," and "40."

## ANSWERING THE THIRD CAUSE OF ACTION

FILED: QUEENS COUNTY CLERK 04/08/2022 11:20 AM
NYSCEF DOC. NO. 5

INDEX NO. 704929/2022
RECEIVED NYSCEF: 04/08/2022

7.     As to the paragraph of the Complaint designated "41", answering defendants repeat, reiterate and reallege each and every denial heretofore made with respect to paragraphs "1" through "40" inclusive, with the same force and effect as if fully set forth at length herein.

8.     Deny each and every allegation contained the paragraphs or subdivisions of the Complaint designated: "42," and "43."

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9.     Any damages which may have been sustained by the plaintiff were contributed to in whole or in part by the culpable conduct of the plaintiff, pursuant to Section 14-A, CPLR.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10.    The plaintiff's sole and exclusive remedy is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11.    The occurrence alleged herein was an emergency situation and could not have been prevented by the answering defendants herein.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12.    If the plaintiff was not wearing seat belts at the time of the accident, answering defendants plead the failure to wear same, or to wear same properly, in mitigation of damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13.    Upon information and belief, any damages sustained by plaintiff was caused, in whole or in part, by the culpable conduct of plaintiff and/or were aggravated by the culpable conduct of plaintiff.

WHEREFORE, answering defendants demand judgment dismissing the Complaint as to the defendants, together with the costs, interest and disbursements of this action.

Dated: New York, New York
       April 8, 2022

Yours etc.,

MORRIS DUFFY ALONSO FALEY & PITCOFF

FILED: QUEENS COUNTY CLERK 04/08/2022 11:20 AM
NYSCEF DOC. NO. 5

INDEX NO. 704929/2022
RECEIVED NYSCEF: 04/08/2022

*Christopher G. Zachry*

By: _____

Christopher G. Zachry
Attorneys for Defendants
ELUSMOND CESAIRE and DMCESAIRE
TRANSPORT LLC
101 Greenwich Street, 22nd Floor
New York, New York 10006
T: (212) 766-1888
F: (212) 766-3252
Our File No.: (PRG) 73783

TO:
LAW OFFICE OF ANDREW PARK, P.C.
Attorneys for Plaintiffs
450 Seventh Avenue, Suite 1805
New York, NY 10123
(212) 239-3680